## THE UNION SAVINGS BANK & TRUST COMPANY v. KATE W. CAMPBELL ET AL.

In a partition suit the jurisdiction of the common pleas attaches to the property for purposes of partition only, subject to liens; and the question of liens being incidental, the partition proceeding is not a bar to a suit to foreclose a mortgage on the property.

HOSEA, J.

Heard on demurrer to answer.

The petition was filed March, 1903, to foreclose mortgage of real estate given January, 1895, to secure loan for three years, on which default was made in 1898.

Euretta Cook and Sallie L. Cook answered, setting up suit in partition by these defendants in common pleas court in October, 1902—making the plaintiff and other lienholders parties, for adjustment and payment of their claims—in bar of the present suit.

This does not seem to be another action between the same parties for the same cause, as intended by the code. The difference is not technical, but substantial. A mortgage lienholder is entitled, by the nature and implied terms of his contract, to direct remedy instituted and con-

trolled by himself. A partition suit instituted by others—which may, for aught that appears, include other property, and which may be delayed and confused by many other questions in which he can have no interest—is not an equivalent remedy. Should the other suit reach a conclusion first, and this plaintiff be paid off, it would of course terminate his suit; but the jurisdiction of the common pleas attaches to the property for purposes of partition only, subject to liens, and the question of liens in that suit is purely incidental to the main relief. If this lien is first determined, in this suit, the other court is relieved, *pro tanto,* and can proceed with greater freedom. I do not see that any conflict of jurisdictions is involved.

Demurrer sustained.

*C. K. Shunk,* for the demurrer.

*W. L. Granger,* contra.